UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | NO. 22-CR-0575-KWR |
| ) | |
| vs. ) | |
| ) | |
| OSWALDO ROBLEDO, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' SENTENCING MEMORANDUM

THE UNITED STATES OF AMERICA, by and through its undersigned attorney, respectfully submits this Sentencing Memorandum for the Court's consideration. For the reasons set forth herein, the United States respectfully requests that the Court accept the plea agreement and recommends a sentence of 84 months' imprisonment, the greatest term of imprisonment afforded by the parties' stipulated plea agreement, followed by three years of supervised release.

## BACKGROUND

On April 12, 2022, an Indictment was filed charging Defendant with a single violation of 18 U.S.C. §§ 922(g)(1) and 924, that being Felon in Possession of a Firearm and Ammunition. Doc. 4. On November 21, 2023, a Superseding Indictment was filed charging Defendant with two violations of U.S.C. §§ 922(g)(1) and 924, that being one count of Felon in Possession of a Firearm and Ammunition, as well as one count of Felon in Possession of Ammunition. Doc. 47. On December 8, 2023, Defendant pled guilty to a one-count Information charging Defendant with violation of U.S.C. §§ 922(g)(1) and 924, that being Felon in Possession of Ammunition. Doc. 62.

A Presentence Investigation Report (PSR) was prepared and disclosed on February 27, 2024. Doc. 67. Defendant's total offense level is 27, and his criminal history category is VI, resulting in a guideline imprisonment rage of 130 months to 162 months, which was ultimately determined to be 120 months, the statutorily authorized maximum. PSR ¶ 74. The United States has no objections to the presentence report in this matter and agrees that the facts, as outlined in the PSR under the Offense Conduct, adequately describes the nature of this offense. PSR ¶¶ 9-16. Additionally, the United States concurs that the PSR correctly calculated the applicable total offense level and criminal history category. PSR ¶¶ 42-44. Defendant did not file objections to the PSR.

For the reasons stated herein, the United States requests the Court accept the plea agreement and sentence Defendant to a term of 84 months' imprisonment, the greatest term of imprisonment afforded by the parties' stipulated plea agreement, followed by three years of supervised release, with the recommended conditions listed in Attachment A to the PSR.

## ARGUMENT

Here, the Parties have agreed to a specific sentence of no greater than 84 months' imprisonment as the appropriate disposition of the case. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining what constitutes an appropriate sentence for the defendant. *See United States v. Booker*, 543 U.S. 220 (2005). A district court cannot presume that a guideline sentence is reasonable and must conduct an analysis using both the guidelines and the sentencing statutes. *Rita v. United States*, 551 U.S. 338, 347-48 (2007).

### I. The Court Should Accept the Plea Agreement and Impose a Sentence of 84 Months' Imprisonment

The United States asks this Court to consider the parties' interest in minimizing the uncertainties of trial by negotiating this settlement. "The potential to conserve valuable

prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 132 U.S. 1399, 1407 (2012). Parties in a criminal case must assess the likely outcome of motions and trial practice. Defendants in particular must weigh their tolerance for the risk of conviction after trial against the benefits of a negotiated settlement. Likewise, the government must assess the public and victim's interest against the risks of proceeding to trial. In reaching a negotiated settlement, the United States must always weigh the benefits of securing a conviction and prison sentence against considerations such as litigation risk. The United States agreement to a sentence no greater than 84 months was agreed upon in an effort to ensure the Defendant receives credit for pretrial confinement from September 28, 2020, to the date of federal sentencing, towards Defendant's federal sentence. When contemplating this resolution, the parties considered Defendant's pretrial confinement and 84 months is a downward adjustment from the statutory maximum of 120-month, the sentence the United States would have otherwise requested, and achieves the goals of sentencing. Therefore, the United States requests a sentence of 84 months' imprisonment, followed by three years of supervised release.

  A. The Nature and Circumstance of the Offense

Defendant's offense conduct weighs in favor of a sentence of imprisonment of 84 months. The nature and circumstance of this case is egregious. The basis of this case stems from a domestic attack on M.S. where Defendant entered M.S.'s home through an unlocked door and then beat M.S. with a firearm in the presence of her young child. PSR ¶ 12. Defendant was relentless in keeping M.S. and her child in the home where he subjected them to violence. PSR ¶ 13. After numerous attempts to flee the violent altercation, M.S. and her young child ultimately escaped from Defendant through a back window of her residence. PSR ¶ 13. When law

enforcement attempted to stop Defendant, he fled on foot and refused to comply with law enforcement's instructions. PSR ¶ 11.

    B.  <u>History and Characteristics of the Defendant</u>

Defendant's criminal history is adequately described in PSR ¶ 33-41. His arrests range from 2009, at the age of 20, to the instant offense in 2020. Defendant's crimes appear to be fueled by drug use. Although dismissed, in 2013, Defendant is alleged to have acted in a similar manner as to the charge before the Court, when Defendant threatened his then girlfriend with a firearm and threatened to kill her. PSR ¶ 52. In 2014, Defendant is alleged to have entered his then girlfriend's home and hit and threatened her. PSR ¶ 53. In 2014, Defendant was convicted of assaulting a girlfriend. PSR ¶ 35. Additionally, Defendant has a continuous history of violating conditions of release and probation, sometimes by picking up new charges. PSR ¶¶ 34, 36-38, & 40. Defendant's concerning criminal history supports a sentence of 84 months' imprisonment, followed by three years of supervised release.

    C.  <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment for the Offense</u>

A sentence of 84 months reflects the seriousness of the offense. A sentence of 78 months, as requested by Defendant (Doc. 70 at 1), would not reflect the seriousness of the offense because it would deviate too far from the statutory maximum, which is already far below Defendant's advisory guidelines, and it would confer a benefit to Defendant beyond that of which was contemplated by the parties. Defendant argues that only four days will be credited towards Defendant's federal sentence. Doc. 70 at 3. Any argument as to Defendant's presentence confinement has already been contemplated by the parties and is reflected in the Plea Agreement ¶ 11 as follows:

The stipulated plea agreement reflects a minimum downward adjustment from the 120- month sentence the United States would have otherwise requested, to ensure the Defendant receives credit for pretrial confinement from September 28, 2020, to the date of federal sentencing, towards his federal sentence.

The recommended sentence will provide adequate deterrence. A sentence of 84 months is significant for Defendant, and hopefully convinces him that further violence and criminal activity should be avoided. The United States' recommended sentence of 84 months will also help protect the public from Defendant's further crimes, particularly when combined with three years of supervised release.

## CONCLUSION

The United States respectfully requests that this Court sentence Defendant to 84 months' imprisonment, followed by three years of supervised release. This recommended sentence is "sufficient, but not greater than necessary to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a).

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/ *Natasha Moghadam*
NATASHA MOGHADAM
Assistant United States Attorney
PO Box 607
Albuquerque, NM 87103
(505) 346-7274

I hereby certify that on April 2, 2024,
I filed the foregoing using CM/ECF
Which caused the following parties or counsel to
be served by electronic means, as more fully reflected
on the Notice of Electronic filing:

　　Buck Glanz

    Attorney for Defendant
    Buck_Glanz@fd.org

<u>*/s/ Natasha Moghadam*</u>
Natasha Moghadam
Assistant United States Attorney